# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| BONNIE K. JONES, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 09-00068-CV-W-GAF |
| UNITED SERVICES COMMUNITY ACTION, et al., | ) |
| Defendants. | ) |

## ORDER

Now before the Court are Defendant United Services Community Action's ("USCA") Motion to Dismiss Plaintiff's Claims (Doc. # 14) and Defendant Housing Authority of Kansas City Missouri's ("HAKC")[1] Special Appearance and Motion to Dismiss (Doc. # 13). Defendants argue, among other things, Plaintiff's case should be dismissed due to Plaintiff's failure to properly serve them with notice under Fed. R. Civ. P. 4(m) and for failure to state a claim under Rule 12(b)(6). (Docs. ## 13-14). Pro se Plaintiff Bonnie K. Jones ("Plaintiff") opposes. (Docs. ## 15, 16). For the reasons set forth below, Defendants' Motions are **GRANTED**.

## DISCUSSION

### I. FACTS[2]

Plaintiff was employed by USCA, a non-profit organization assisting low-income families in Jackson, Clay, and Platte counties in Missouri. Plaintiff alleges she was sexually harassed by an

---

[1] USCA and HAKC shall hereafter be collectively referred to as "Defendants."

[2] Unless otherwise noted, facts are taken from Plaintiff's Civil Complaint. (Docs. ## 1-1, 9).

1

individual employed by HAKC, Alonzo Wyatt ("Mr. Wyatt"), on December 4, 2007. More specifically, Plaintiff alleges that while she was in Mr. Wyatt's office discussing her client's ability to obtain a bus pass, Mr. Wyatt stated his belief that only clients who already had jobs should receive bus passes and that "clients can go anywhere or everywhere to do what they want to do without any help from us so we need to let them not be dependent upon us . . . [and] that is why they have a slit/split . . . [t]o use it to get the things that they need and to participate in program activities that are held in this office." Plaintiff states she questioned Mr. Wyatt as to the meaning of his statement. Mr. Wyatt indicated that "[h]e wasn't talking about sexual intercourse," he meant instead that the clients had mouths they could use to talk their way into getting assistance. Plaintiff alleges Mr. Wyatt then blocked the door to his office so that she could not leave for approximately twenty (20) to thirty (30) minutes while Mr. Wyatt tried to convince her his comments were not intended to be inappropriate or sexual.

On July 28, 2008, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (the "EEOC") alleging she was sexually harassed in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). On November 3, 2008, the EEOC issued its Notice of Right to Sue, granting Plaintiff ninety (90) days to file suit against Defendants for sexual harassment.

Plaintiff filed the present action on January 23, 2009. On March 30, 2009, the Court dismissed Plaintiff's action due to her failure to prosecute. (Doc. # 5). Thereafter, for good cause shown, the Court reopened the action on February 5, 2010. (Doc. # 8). On February 16, 2010, Plaintiff re-filed her Civil Complaint. (Doc. # 9). After the incident, Plaintiff did not to return to work. According to notes from her mental health provider, Plaintiff was unable to work due to acute

"PTSD (Post-Traumatic Stress Disorder)" allegedly caused by Mr. Wyatt's aforementioned conduct. (*See* Civil Complaint, Exhibits 1-3). Plaintiff requests monetary relief in the amount of $2,500,000 as compensation for unemployment, lost wages, medical expenses, and general pain and suffering.

## II.     LEGAL STANDARDS

### A.     Service of Process

Federal Rule of Civil Procedure 4(m) states:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

Under Fed. R. Civ. P. 4(d), a plaintiff may request that an "individual, corporation, or association" named as a defendant waive service of a summons. However, waiver is not proper if the defendant in question is a governmental entity. *See* Fed. R. Civ. P. 4(d); *see also Whatley v. District of Columbia*, 188 F.R.D. 1 (D.D.C. 1999).

### B.     Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6)

Under Rule 12(b)(6), a court may dismiss a cause of action for failure to state a claim upon which relief may be granted. When considering a Rule 12(b)(6) motion to dismiss, a court treats all well-pleaded facts as true and grants the non-moving party all reasonable inferences from the facts. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). However, courts are "not bound to accept as true a legal conclusion couched as a factual allegation" and such "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1949 (2009) (citations and quotations omitted). A Rule 12(b)(6) motion should be granted only if the plaintiff fails to plead facts sufficient to state a claim "that is plausible on its face" and would entitle the plaintiff to the relief requested. *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 545 (2007) (retiring the "no set of facts" language from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Wisdom v. First Midwest Bank of Poplar Bluff*, 167 F.3d 402, 406 (8th Cir. 1999). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S. Ct. at 1949 (quotations omitted).

## III. ANALYSIS

### A. Service of Process

Plaintiff failed to properly serve USCA within the 120-day time limitation period stated in Fed. R. Civ. P. 4(m). After the Court reopened Plaintiff's action, she again filed her Civil Complaint on February 16, 2010. Accordingly, Plaintiff had up to and including Wednesday, June 16, 2010, to properly serve USCA. However, Plaintiff did not serve USCA until July 1, 2010. While the Court is mindful of Plaintiff's pro se status and has made every attempt to be lenient, Plaintiff's failure to properly serve USCA cannot be overlooked. Plaintiff's inability to properly serve USCA, combined with her failure to properly plead her claims, discussed further below, require dismissal of Plaintiff's claims against USCA.[3]

### B. Failure to State a Claim

Even viewing the facts set forth by Plaintiff in the light most favorable to her, Plaintiff has not pled facts upon which relief may be granted. Plaintiff's claim is based on one isolated

---

[3]HAKC, a government municipality, also argues Plaintiff failed to properly serve it by sending an improper request for waiver of service. Because the Court finds Plaintiff has failed to state a claim against HAKC, the Court refrains from finally determining the effectiveness of Plaintiff's service on HAKC.

occurrence involving language that may or may not have been sexual in nature. Clearly established case law demonstrates such a claim is insufficient to state a cause of action under Title VII.

To establish a claim of hostile work environment sexual harassment by a non-supervisory co-worker, a plaintiff must establish that (a) she belongs to a protected group; (b) that she was subject to unwelcome sexual harassment; (c) that the harassment was based on sex; (d) that the harassment affected a term, condition, or privilege of her employment; and (e) that the employer knew or should have known of the harassment and failed to take proper remedial action. *See Scusa v. Nestle U.S.A. Co.*, 181 F.3d 958, 965 (8th Cir. 1999).

Regarding the requirement that the harassment be so severe as to affect a term, condition, or privilege of employment, the Eighth Circuit has stated:

> The prohibition of harassment on the basis of sex requires neither asexuality nor androgyny in the workplace; it forbids only behavior so objectively offensive as to alter the "conditions" of the victim's employment. Conduct that is not severe or pervasive enough to create an objectively hostile or abusive environment - an environment that a reasonable person would find hostile or abusive - is beyond Title VII's purview.

*Id.* at 966 (citations and quotations omitted); *see also Duncan v. Gen. Motors Corp.*, 300 F.3d 928, 934 (8th Cir. 2002) ("To clear the high threshold of actionable harm, [the plaintiff] has to show that the workplace is permeated with discriminatory intimidation, ridicule, and insult . . . Title VII is not designed to purge the workplace of vulgarity."). A court should also take into consideration the "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work." *Scusa*, 181 F.3d at 967 (internal quotations omitted).

Aside from demonstrating she belongs to a protected group, i.e., she is a female, it is questionable whether Plaintiff has pled facts sufficient to establish even a prima facie showing of proof regarding the remaining elements necessary to establish a sexual harassment claim under Title VII. However, the Court shall focus only on elements (d) and (e) since Plaintiff's failure to plead these two essential elements is glaring.

First, Plaintiff has failed to demonstrate that the allegedly sexually offensive comments and/or actions of Mr. Wyatt were so severe that they affected a term, condition, or privilege of her employment. No fact demonstrates that USCA took any action that positively or negatively affected a term, condition, or privilege of Plaintiff's employment as a result of Mr. Wyatt's conduct. Plaintiff made the decision to refrain from returning to work. HAKC did not employ Plaintiff, and therefore did nothing to affect Plaintiff's employment. Additionally, Mr. Wyatt's conduct was not severe enough to clear the high threshold of actionable harm that must be shown to state a claim under Title VII. Plaintiff admits the present action arises from one solitary incident and that even she, at the time Mr. Wyatt made the comments at issue, questioned whether the comments were sexual in nature. Even assuming Mr. Wyatt's comments were inappropriate and sexual in nature, they would still be insufficient to state a claim for sexual harassment under Title VII. *See Scusa*, 181 F.3d at 967 ("More than a few isolated incidents are required.").

Second, Plaintiff has failed to demonstrate Defendants knew or should have known of the alleged harassment and failed to take proper remedial action. Mr. Wyatt was not employed by USCA. Plaintiff has not pled USCA knew or should have known of Mr. Wyatt's allegedly inappropriate actions. From Plaintiff's pleadings, it appears this was an isolated event. Similarly, Plaintiff has not pled any facts indicating HAKC knew or should have known about Mr. Wyatt's

6

allegedly inappropriate actions or failed to take proper remedial action. The facts do indicate HAKC terminated Mr. Wyatt's employment shortly after the incident in question, but the exact reason for his termination is unclear. In any event, Plaintiff has not made a sufficient prima facie showing that Defendants knew or should have known of Mr. Wyatt's allegedly improper conduct.

## **CONCLUSION**

Plaintiff failed to properly serve USCA and has failed to state a claim for which relief may be granted against both Defendants. For these reasons and those stated above, Defendants' Motions are **GRANTED,** and the case is hereby dismissed.

**IT IS SO ORDERED.**

                                              s/ Gary A. Fenner
                                              Gary A. Fenner, Judge
                                              United States District Court

DATED:   August 25, 2010